Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

PEDRO TORRES, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

NEW FIREHOUSE DELI & GRILL INC. (D/B/A NEW FIREHOUSE DELI & GRILL), KOMAK SAID, and MAXI SAID,

*Defendants.*

-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Pedro Torres ("Plaintiff Torres"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against New Firehouse Deli & Grill Inc. (d/b/a New Firehouse Deli & Grill) ("Defendant Corporation"), Komak Said and Maxi Said ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Torres is a former employee of Defendants New Firehouse Deli & Grill Inc. (d/b/a New Firehouse Deli & Grill), Komak Said, and Maxi Said.

2. Defendants own, operate, or control a deli, located at 5615 Metropolitan Avenue, Ridgewood, New York, 11385 under the name "New Firehouse Deli & Grill".

3. Upon information and belief, Individual Defendants Komak Said and Maxi Said serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the Deli as a joint or unified enterprise.

4. Plaintiff Torres was employed as a sandwich maker at the Deli located at 5615 Metropolitan Avenue, Ridgewood, New York, 11385.

5. At all times relevant to this Complaint, Plaintiff Torres worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread-of-hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Torres appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Torres the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Defendants' conduct extended beyond Plaintiff Torres to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Torres and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Torres now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage

orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Torres now seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Torres's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Torres was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14. Plaintiff Pedro Torres ("Plaintiff Torres" or "Mr. Torres") is an adult individual residing in Queens County, New York. Defendants employed Plaintiff Torres at New Firehouse Deli & Grill from approximately February 24, 2024 until on or about September 24, 2026.

15. Plaintiff Torres consents to be a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a deli, located at 5615 Metropolitan Avenue, Ridgewood, New York, 11385 under the name "New Firehouse Deli & Grill".

17. Upon information and belief, New Firehouse Deli & Grill Inc. (d/b/a New Firehouse Deli & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 5615 Metropolitan Avenue, Ridgewood, New York, 11385.

18. Defendant Komak Said is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Komak Said is sued individually in his capacity as owner, officer, and/or agent of Defendant Corporation. Defendant Komak Said possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Torres, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Maxi Said is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Maxi Said is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Maxi Said possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Torres, establishes

the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants operate a deli located in the Ridgewood neighborhood of Queens in New York City.

21. Individual Defendants Komak Said and Maxi Said possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Torres's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Torres, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Torres (and all similarly situated employees) and are Plaintiff Torres's (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Torres and/or similarly situated individuals.

26. Upon information and belief, Individual Defendants Komak Said and Maxi Said operate Defendant Corporation as either an alter ego of themselves and/or fail to operate

Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, among other things, failing to hold annual meetings or maintain appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Torres's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Torres, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Torres's services.

28. In each year from 2024 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30. Plaintiff Torres is a former employee of Defendants who was employed as a sandwich maker.

31. Plaintiff Torres seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Pedro Torres*

32. Plaintiff Torres was employed by Defendants from approximately February 24, 2024 until on or about September 24, 2026.

33. Defendants employed Plaintiff Torres as a sandwich maker.

34. Plaintiff Torres regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35. Plaintiff Torres's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Torres regularly worked in excess of 40 hours per week.

37. From approximately February 24, 2024 until on or about March 2024, Plaintiff Torres worked from approximately 6:00 a.m. until on or about 6:00 p.m. six days a week (typically 72 hours per week).

38. From approximately March 2024 until on or about September 24, 2026, Plaintiff Torres worked from approximately 6:00 a.m. until on or about 4:00 p.m., Mondays through Saturdays (typically 60 hours per week).

39. Throughout his employment, Defendants paid Plaintiff Torres his wages in cash.

40. From approximately February 24, 2024 until on or about September 24, 2026, Defendants paid Plaintiff Torres $15.00 per hour.

41. For approximately the final week of his employment, from approximately September 17, 2026 until on or about September 24, 2026, Defendants did not pay Plaintiff Torres any wages for his hours worked.

42. Plaintiff Torres's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

43. For example, Defendants required Plaintiff Torres to work an additional thirty minutes to one hour past his scheduled departure time three times a month, and did not pay him for the additional time he worked.

44. Defendants never granted Plaintiff Torres any breaks or meal periods of any kind.

45. Plaintiff Torres was not required to keep track of his time, nor, to his knowledge, did the Defendants utilize any time tracking device such as punch cards that accurately reflected his actual hours worked.

46. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Torres regarding overtime and wages under the FLSA and NYLL.

47. Defendants did not provide Plaintiff Torres an accurate statement of wages, as required by NYLL § 195(3).

48. Defendants did not give any notice to Plaintiff Torres of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

As a result of Defendants' failure to provide Plaintiff Torres with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing

his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

49. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Torres (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

50. Plaintiff Torres was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

51. Defendants' pay practices resulted in Plaintiff Torres not receiving payment for all his hours worked, and resulted in Plaintiff Miranda's effective rate of pay falling below the required minimum wage rate.

52. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

53. Defendants paid Plaintiff Torres his wages in cash.

54. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

55. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Torres (and similarly situated individuals) worked, and to avoid paying Plaintiff Torres properly for his full hours worked.

56. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

57. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Torres and other similarly situated former workers.

58. Defendants failed to provide Plaintiff Torres and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

59. Defendants failed to provide Plaintiff Torres and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in Spanish (Plaintiff Torres's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

60. As a result of Defendants' failure to provide Plaintiff Torres and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Torres and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

61. Plaintiff Torres brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

62. At all relevant times, Plaintiff Torres and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans, including willfully failing and refusing to pay them the required minimum wage, overtime pay at one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

63. The claims of Plaintiff Torres stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff Torres's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Torres (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

66. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68. Defendants failed to pay Plaintiff Torres (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70. Plaintiff Torres (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

71. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

72. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Torres (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff Torres (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

75. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

76. At all times relevant to this action, Defendants were Plaintiff Torres's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Torres, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

77. Defendants, in violation of NYLL § 652(1), 12 N.Y.C.R.R. § 146-1.2, and the supporting regulations of the New York State Department of Labor, paid Plaintiff Torres less than the minimum wage.

78. Defendants' failure to pay Plaintiff Torres the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiff Torres was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

80. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants, in violation of N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*., 12 N.Y.C.R.R. § 146-1.4, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Torres overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82. Defendants' failure to pay Plaintiff Torres overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiff Torres was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

84. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants failed to pay Plaintiff Torres one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Torres's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6.

86. Defendants' failure to pay Plaintiff Torres an additional hour's pay for each day Plaintiff Torres's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

87. Plaintiff Torres was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

88. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants failed to provide Plaintiff Torres with a written notice, in English and in Spanish (Plaintiff Torres's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

90. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Torres, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

91. Defendants are liable to Plaintiff Torres in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

92. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

93. With each payment of wages, Defendants failed to provide Plaintiff Torres with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

94. As a result of Defendants' failure to furnish accurate statements to Plaintiff Torres, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

95. Defendants are liable to Plaintiff Torres in the amount of $5,000.00, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

96. Plaintiff Torres repeats and realleges all paragraphs above as though set forth fully herein.

97. Defendants did not pay Plaintiff Torres any wages for the hours he worked from approximately September 17, 2026 until on or about September 24, 2026, and did not pay those wages within seven calendar days after the end of the week in which they were earned or by the next regular payday after his employment ended, in violation of NYLL §§ 191(1)(a) and 191(3).

98. Defendants are liable to Plaintiff Torres in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Torres respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Torres and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Torres and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Torres's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Torres and the FLSA Class members;

(f) Awarding Plaintiff Torres and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Torres and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Torres;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Torres;

(j) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commissioner of Labor as to Plaintiff Torres;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Torres's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Torres;

(m) Awarding Plaintiff Torres damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as spread of hours pay under the NYLL, as applicable;

(n) Awarding Plaintiff Torres damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198(1-d);

(o) Awarding Plaintiff Torres liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Torres and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Torres and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Torres demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
October 26, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: *_/s/ Michael Faillace_*

Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Michael@faillacelaw.com

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Pedro Torres
3765 63rd st, Woodside, 11377

Signature / Firma: ______________________

Legal Representative / Abogado: Michael Faillace & Associares, P.C.

Date / Fecha: September 28, 2026